Minshall, J.
At the general election of October, 1883, James Lee was elected sheriff of Stark county for the full term of two years, commencing, as the statute (section 1202, Revised Statutes) provides, on the first Monday of January, 1884. He qualified, entered upon and performed the duties of the office until December 8, 1885, when he died. He had, however, at the previous general election, been re-elected for a full term, and had given bond and qualified as required by law, previous to his death.
Upon the death of Lee, Augustus Leininger, the coroner of the county, who had been elected for a full term at the October election of 1884, entered upon and performed the duties of the office of sheriff until January 7, 1886, the expiration of Lee’s first term. At which time, his term as coroner not expiring until the first Monday of January, 1887, he gave bond as acting sheriff of the county, entered upon and continued to perform the duties of the office of sheriff until September 10,1886, at which time he resigned his office of coroner ; and, the court of common pleas not then being in session, was immediately appointed by the commissioners of the county to fill the vacancy in the office of sheriff'. Leininger at once accepted the appointment, gave bond, qualified and entered upon the duties of the office as such appointee, and continues to do so under his appointment, and claims the right to do so until the first Monday of January, 1888, the expiration of the term to which Lee was re-elected. He therefore made no proclamation for the election of a sheriff, at the last general election ; but, it being claimed that there was a sheriff to be elected, the relator was placed in nomination by his friends, and received over 7,000 votes ; others were voted for, but he received the *630 greatest number cast for any one person; and if, under tbe law, the electors of the county had the right to fill, by election, the unexpired part of the term to which Lee had been re-elected, there is not much doubt but that the relator was elected to fill the same at the last November election, and the respondents should have counted the votes cast for him, and have made the proper return. The clerk and his associates in the canvassing board, claiming that there was no such election to be held, refused to abstract the Votes that had been cast .for any person for the office of sheriff. This suit is prosecuted to compel the respondents to do what they have refused to do.
It may be conceded that it was not the duty of the clerk and the justices, as a canvassing board, to determine that there was no election of sheriff’ to be held, and to refuse, for such reason, to count and abstract the votes that had been cast for the different persons as sheriff. Nevertheless, as the remedy sought in this action can only be had when the right is clear, if there was no vacancy in the office of sheriff of Stark county to be filled by an election, the writ should be refused, as it is neither the policy nor the practice of courts to require the doing of a vain thimr.
The questions arise upon the construction of sections 11 and 1208 of the Revised Statutes. These questions are: (1) whether the general provision of section 11, or the special provision of section 1208, applies; and (2) if the special provision of the latter section applies, then what is the proper interpretation of the clause contained in it, that the person appointed as therein provided shall “hold his office for and during the unexpired term of -the sheriff whose place he fills.”
1. The provisions of these two sections, requiring a construction, are as follows : “ Sec. 11. When an elective office becomes vacant, and is filled by appointment, such appointee shall hold the office till his successor is elected and qualified, and such successor shall be elected at the first proper election that is held more than thirty days after the occurrence of the vacancy. . . .” “Sec.'1208. *631 When the offices of sheriff and coroner become vacant, the court of common pleas, if in session, or the county commissioners, if the court is not in session, shall appoint some suitable person to fill the vacancy in the office of sheriff, who shall give bond and take the oath of office prescribed for the sheriff, and hold his office for and during the unexpired term of the sheriff whose place he fills. . . .”
The general provisions of section 11 and the special provision of section 1208 of the Revised Statutes are in apparent conflict. Both can not apply to the case. Under the general provisions of section 11, the office of sheriff being an elective one, the successor of Leininger, an appointee, should have been elected at the last November election, that being the next proper election, as it was held more than thirty days after the vacancy in the office of sheriff occurred. Eor we can not agree with counsel for the respondents that the term, “ the next proper election,” as used in this section, might, as applied to this case, mean the next election of a sheriff for a full term. If such had been the intention of the legislature, it would have used language more appropriate to its expression.
But we think this section does not apply to this case. The provisions of section 1208 can, and should, be read as an exception to the general provisions of section 'll. This is in accordance with the established rule of construction, where the general provisions of a statute are varied by the special provisions of the same or another statute relative to the subject. The courts presume an intention in the legislature to be consistent in the making of laws; and also to have had a purpose in each enactment and all its provisions. Special circumstances often create a necessity for appropriate special provisions, differing from the general rule upon the same subject; and so, where such provisions are found in a statute, different from the general provisions that would apply to the case, the courts must assume that the special provisions were made for adequate reasons, and give them effect by construing them as exceptions to the general rule contained in the general pro *632 visions of the statute. In this way, without disregarding any of its provisions, effect is 'given to each and all the provisions of a statute. Potter’s Dwarris, 272; Sedgwick Stat. Law, 423. And where, as in this case, the special provisions of one section, operating as an exception to the more general provisions of another, are uniform in operation throughout the state, they are not in conflict with the constitutional provision requiring all laws of a general nature to have such operation.
2. What, then, is the proper interpretation of the clause in section 1208, that the person appointed sheriff, as therein provided, shall “ hold his office for and during the unexpired term of the sheriff whose place he fills.” It will not be claimed that, if Lee had lived and entered upon his second term, though but for one day, the person who might have been appointed to fill the vacancy thus created would not have held during the unexpired term of the deceased; for the appointee, under this section, is, in all cases, to hold for “ the unexpired term of the sheriff' whose place he fills.” But was the full term made vacant by the death of Lee several weeks before the first Monday of January, 1886, any the less his “ place” than the part that would have remained of it had he lived to enter upon and exercise the duties of sheriff for oue day before he died? In either case liis title must be regarded as relating to a future period of time; aud there is no more verbal accuracy in designating a part'of the term as his place, than in so designating the whole. He had the same title to the whole term that he would have had to an unexpired part of it, had he lived to enter upon the term itself. By his election and qualification he had been clothed with the political right or authority to enter upon the performance of the duties of the office as soon as the term began. An entry upon the performance of the duties of an office is not requisite to the title to do so. A house that has been completed is none the less the house of the owner, though not yet occupied by Mm.
The point, however, made is, that when Lee died, Lein *633 inger, being coroner, became, under section 1219, Revised Statutes, sheriff for and during Ms term of coroner, ending on the first Monday of January, 1887; and, therefore, when he resigned his office of coroner on September 10, 1886, the place that was to be filled in the office of sheriff was the unexpired part of his term as sheriff, ex officio. There are several objections to this view. In the first place, it would not help the relator; as, in such case, there would have been no vacancy in the office of sheriff to fill at the last November election, and there-is no provision in the law for filling a prospective vacancy in the office by election, other than the biennial elections provided for in section 1202, Revised Statutes. Each election so held is for a term of two years, beginning on the first Monday of January next after the election. The election, the commissioners may order, under section 1208, is to fill an existing vacancy in the office, created by death, resignation, removal, or permanent disability of the sheriff. It is to fill, not a prospective, but an actual vacancy occurring from any of the enumerated causes. In the next place, under section 1219, the coroner does not become the sheriff of the county; the provision is, that “ during the time when the-office of sheriff is vacant in any county, the coroner thereof shall be bound to perform all the duties, and be vested with all the powers, of sheriff of said county.” He does not cease to be coroner by the office of sheriff becoming vacant; on the contrary, he continues to be coroner, and as such performs the duties of sheriff during the vacancy in that office, If for any reason the office of coroner thereafter becomes vacant, then a vacancy occurs in the offices of sheriff and coroner, unless the former had been previously filled by an election ordered by the commissioners under the provisions of section 1208. But when not filled in this way, there is none the less a vacancy in the office of sheriff, because the duties of the office are performed by the coroner under the provisions of section 1219. This is apparent from the fact that it is competent to the commissioners to order it to be filled, although there may be no vacancy in the office of *634 coroner, and that officer may be performing the duties of sheriff pro hac vice. The clause in section 1208 conferring this power on the commissioners reads as follows: “In case of vacancy in either office by death, resignation, removal, or permanent disability of the sheriff or coroner, if, in the opinion of the county commissioners, the public interest require it, they may . . . order a special election to fill the vacancy.” Hence, in contemplation of the statute, a vacancy exists in the office of sheriff whenever the person elected or appointed as sheriff ceases for any reason to be sheriff, although its duties may for the time being be performed by a coroner acting as sheriff; as the power conferred is to order an election to fill a vacancy, if one occurs “ in either office.” But this language would be entirely inappropriate if no vacancy occurs in the office of sheriff, so long as there is an incumbent in the office of coroner required to perform the duties of sheriff under section 1219, Revised Statutes.

Writ refused.